Easements; implied agreements; damages; termination of easements. — The petition in this case asserts that in 1972 and 1974, upon the basis of promises made to plaintiff by the Forest Service (Service) representatives, plaintiff granted easements to the United States for construction by the Service of a road across certain land owned by plaintiff needed by the Service during operations under the Service’s contemplated timber sale in Ouachita National Forest. Two of the alleged promises were (a) that gates with locks would be installed and maintained across the easements pending and following construction of the Service roads and (b) that the Service would build and erect one lane of fence along certain easements. Allegedly, because of the Service’s failure to fulfill "a” third parties entered upon plaintiffs land and committed damage there; and because of the Service’s alleged failure to fulfill "b” cattle belonging to lessees of plaintiff left their respective pastures and became commingled. Also plaintiff alleges that in connection with construction of a road along the easement right-of-way, the Service dug ditches extending from the road to plaintiffs adjacent pasture land, resulting in erosion, waste and permanent damage to said land. Plaintiff seeks to have the easements rescinded, set aside and declared null and void *917 on grounds of breach of contract and mutual mistake, to recover $850 as compensation for funds and efforts expended by him in erecting certain fences, and to recover $9,000 to compensate him for damages resulting to his fences and lands. In a recommended opinion filed February 19, 1982 Trial Judge Mastin G. White determined (1) that plaintiff, having failed to prove that he sustained damages as a result of the Service’s failure to keep the gate closed and locked during operations under the timber sale contract, was not entitled to recover on this aspect of the claim, even if it were to be assumed that the Service’s failure constituted a breach of contract; (2) that with respect to the fence problem, the allegation that the Service failed to build the lane of fence resulting in the commingling of lessees’ cattle, is not supported by the record evidence; (3) that the record evidence does not show such intermittent, frequent and inevitably recurring floodings of plaintiffs adjacent pasture land from the drainage ditches on the right-of-way as would constitute a taking by the Government of a flowage easement over plaintiffs land entitling plaintiff to just compensation under the Constitution; (4), although not raised in the pleadings but during the trial, that the placement on plaintiffs land, outside the right-of-way, of road-construction debris constituted a taking by inverse condemnation of the right to use, for a number of years, a small portion of plaintiffs land for the placement and storage of such debris, but since plaintiff did not present at trial evidence on the basis of which a monetary evaluation of the damages could be based and his post-trial brief does not ask for a money judgment, it must be assumed that plaintiffs damages were de minimis; and (5) that the facts do not justify a decree terminating the 1972 and 1974 easements, even if this court were vested with equitable powers apart from its jurisdiction to award money judgments against the United States. Accordingly, plaintiff is not entitled to recover. On April 23, 1982 the court, by order, adopted the trial judge’s recommended opinion as the basis for its judgment, and dismissed the petition.